**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DANIELLE RAMKISSOON,

Plaintiff,

v. Case No. 8:26-cv-549-KKM-CPT

NGM INSURANCE COMPANY,

Defendant.

---

# ORDER

Danielle Ramkissoon sues NGM Insurance Company, alleging that the defendant breached the parties' flood insurance policy by failing to adequately compensate her and refusing to enter the appraisal process. *See* Compl. (Doc. 1). NGM moves to dismiss the breach of contract claim as time barred. *See* MTD (Doc. 20). Ramkissoon opposes. Resp. (Doc. 21). For the reasons below, I grant the motion.

## I. BACKGROUND

NGM is a Write-Your-Own (WYO) Program Carrier[1] offering flood insurance under the National Flood Insurance Act (NFIA). *See* MTD at 6. In

[1] The Federal Emergency Management Agency (FEMA) created the WYO program in 1983 to allow private insurers to offer Standard Flood Insurance Policies through the National Flood Insurance Program (NFIP). *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 n.1 (11th Cir. 2000). "[A]ll claims and expenses [for these policies]

2024, NGM issued a Standard Flood Insurance Policy (SFIP) for Ramkissoon's property under Policy No. 8707368753. Compl. ¶ 6; Declarations Page (Doc. 1-1) at 2.

In September 2024, the insured property sustained a loss because of Hurricane Helene. *See* Compl. ¶ 8; MTD at 3. Ramkissoon reported the loss to NGM and submitted a claim under the Policy. Compl. ¶ 9. On November 22, 2024, NGM issued a letter denying coverage for part of the claim. *See id.* ¶¶ 10–11; MTD at 4; Denial Letter (Doc. 20-4).

On or about April 17, 2025, Ramkissoon sent a letter notifying NGM that she disagreed with its assessment of the loss and demanding an appraisal. Compl. ¶¶ 13–14. Ramkissoon sent two more letters on October 21, 2025, and November 4, 2025, but NGM failed to acknowledge the full loss or enter the appraisal process. *Id.* ¶¶ 14–15, 17.

On March 2, 2026, Ramkissoon filed this suit. *See id.* She alleges that NGM breached the SFIP by failing to adequately compensate her and refusing to enter the appraisal process. *Id.* ¶¶ 17–26. NGM moves to dismiss the complaint as time barred. *See* MTD at 11–15. NGM attaches to its motion the declaration of Senior Claims Consultant Tracy Ladner, (Doc. 20-1), an additional copy of the Declarations page, (Doc. 20-2), the SFIP dwelling form,

are paid out of the National Flood Insurance Fund in the U.S. Treasury." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003) (per curiam).

(Doc. 20-3), the November 22, 2024 denial letter, (Doc. 20-4), and two later denial letters, (Docs. 20-5, 20-6). For the reasons below, I grant the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual

allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III. ANALYSIS

NGM moves to dismiss Ramkissoon's breach of contract claim as barred by the one-year limitations period provided in 42 U.S.C. § 4072 and the SFIP itself. MTD at 11–15. According to NGM, Ramkissoon's claim is barred because the one-year limitations period was triggered when "NGM mailed its payment explanation and partial denial letter to [Ramkissoon]" on November 22, 2024, and Ramkissoon filed this action "[o]n March 2, 2026, one year and 100 days [later]." *See id.* at 13–14. Ramkissoon responds by arguing that the limitations period applies only to claims "directly challenging the denial of [coverage]" but "[her] action is based upon [NGM]'s failure to comply with the Policy's plain and unambiguous Appraisal clause." Resp. at 1. Because I agree with NGM that Ramkissoon's claim is barred by the SFIP's suit limitation provision, I do not reach the argument considering Section 4072.

### A. Incorporation by Reference

Although "a court generally may not consider matters outside of the pleadings without treating the motion as a motion for summary judgment," the "incorporation-by-reference doctrine" provides an exception. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). Under the doctrine, a court may

consider a document attached to a motion to dismiss if the attached document is (1) "central to the plaintiff's claim" and (2) "the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (permitting consideration of an attached written contract at the motion-to-dismiss stage).

Here, I may consider the policy declarations page, dwelling form, and denial letters—but not the Ladner Declaration—under the incorporation-by-reference doctrine. The policy declarations page was attached to Ramkissoon's complaint. *See* Declarations Page (Doc. 1-1). The SFIP Dwelling form is codified by federal regulation, *see* 44 C.F.R. pt. 61, app. A(1), and Ramkissoon refers to it in her complaint, Compl. ¶ 20. The complaint references the partial denial letters, *see id.* ¶ 10 ("[NGM] acknowledged coverage for the Loss but issued an insufficient payment . . . ."), and indeed they are "the denial [Ramkissoon] seeks to challenge," *Butler v. Hartford Ins. Co. of the Midwest*, No. 8:26-CV-745-VMC-NHA, 2026 WL 1529395, at *2 (M.D. Fla. June 1, 2026) (citation modified). Because all three documents are central to the complaint, and Ramkissoon has not disputed their authenticity, *see generally* Resp., I may consider them in deciding the motion. I need not consider the Ladner Declaration to adjudicate the motion.

**B. Statute of Limitations**

Although the statute of limitations is generally an affirmative defense, dismissal may be proper at this stage "where it is apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (citation modified). The SFIP "Dwelling Form" requires that, if a policyholder sues "to recover money under [the] policy," they "must start the suit *within one year* after the date of the written denial of all or part of the claim . . . ." Dwelling Form (Doc. 20-3) at 24 (emphasis added); *see also* 44 C.F.R. pt. 61, app. A(1), art. VII (O) (providing the text of the SFIP "Suit Against Us" provision). The limitations period begins with the first disallowance and is not tolled by subsequent denials or adjustments. *See Rotondo v. Wright Nat'l Flood Ins. Co.*, No. 8:26-CV-00618-WFJ-CPT, 2026 WL 1579887, at *3 (M.D. Fla. June 3, 2026).

District courts in the Middle District of Florida have consistently held that a written denial letter from a WYO carrier is a proper disallowance that triggers the one-year statute of limitations. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025) (collecting cases); *see also Zozo Invs. LLC v. First Cmty. Ins. Co.*, No. 25-12492, 2026 WL 1021517, at *2 (11th Cir. Apr. 15, 2026) (per curiam). Thus, the question is whether—and when—NGM first mailed a notice of disallowance.

NGM attaches a November 22, 2024 denial letter informing Ramkissoon that NGM "must *deny* coverage for the following items." Denial Letter at 3 (emphasis added). Ramkissoon does not dispute NGM's denial of its claim but instead accuses NGM of "frivolously comingl[ing] [her] General Allegations with her Breach of Contract allegations." Resp. at 4. This argument is without merit. It was Ramkissoon herself who "re-allege[d] and re-aver[red] the preceding allegations." Compl. at 3. Her breach of contract claim therefore included the allegation that NGM's failure to "adequately compensate [her] for the [l]oss represent[ed] a breach of the Policy." *Id.* ¶ 17. Her claim is for "sustained damages" for which she believes she "is entitled to be indemnified against under the Policy." *Id.* ¶ 26.

Ramkissoon next argues that the one-year limitation period does not apply to her suit because it arises from NGM's failure to comply with her appraisal request and "a breach of [the SFIP's appraisal] term may necessarily occur well beyond one year" after a coverage denial. *Id.* I disagree.

The November 22, 2024 letter was a proper notice of disallowance triggering the one-year limitations period because the letter was "sufficient to put [Ramkissoon] on notice that a part of [her] claim ha[d] been disallowed." *4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *2 (M.D. Fla. Feb. 6, 2025) (citation modified). "To determine whether a letter is a partial written denial, courts closely examine the letter's

content." *Id.* at *1 (citation modified). The denial letter explicitly denied coverage for "damages to [the] air handler in the attic." Denial Letter at 3. The letter included a copy of FEMA's "Policyholder Rights" information sheet that explained Ramkissoon's right to file an appeal and a lawsuit. *Id.* at 5. The letter therefore unambiguously stated that NGM was denying coverage and advised Ramkissoon of her rights, including to file a federal lawsuit within a year of the partial disallowance. The one-year limitations period thus began to run on November 22, 2024, and expired before Ramkissoon filed suit on March 2, 2026. *See* Compl.

Ramkissoon nevertheless argues that her claim is not time barred because the SFIP's suit limitation provision "do[es] not expressly establish limitations for breach of contract claims . . . which may necessarily result from actions other than issuance of 'denial correspondence.' " Resp. at 3. She argues, in the alternative, that even "if the one-year limitation applied to this action, it necessarily could not begin to run until [the breach of the appraisal term]." *Id.* Both arguments lack legal support and ignore the clear language of the SFIP.

To be clear, notwithstanding her attempts to style her claim as arising solely from NGM's refusal to appraise the property, Ramkissoon is suing NGM for denying part of her coverage claim. Under the Policy, Ramkissoon could demand an appraisal only if she "fail[e]d to agree" with NGM's assessment of

a loss. *See* Dwelling Form at 23. The damages she seeks to recover flow from that partial denial of coverage. *See* Compl. ¶¶ 8–12, 16, 26 ("Plaintiff has sustained damages for which Plaintiff is entitled to be indemnified against under the Policy and which was payable to or on behalf of Plaintiff *in connection with the loss to the Property*.") (emphasis added). Beyond a conclusory statement that she "suffered and continues to suffer damages resulting from [NGM's] breach of the policy," *id.* ¶ 18, which may be interpreted as alleging damages caused by the failure to name an appraiser, there are no allegations of damage other than what Ramkissoon suffered because of the partial denial, *see generally id.*

Further, the SFIP's plain language is incompatible with Ramkissoon's narrow reading of the limitations period. The one-year limitation "applies to *any claim* that you may have under this policy and to *any dispute* that you may have arising out of the handling of any claim under the policy." Dwelling Form at 24 (emphasis added). Even if I construe Ramkissoon's action as purely arising from NGM's refusal to begin the appraisal process, the claim is time barred because it was not started "within one year of the written denial of all or part of [the coverage] claim." *Id.*

Ramkissoon argues in the alternative that the one-year limitations period should not be applied because the SFIP does not expressly limit when an appraisal may be demanded and therefore the application of a statute of

limitations prior to such a request "would render the appraisal provision illusory." Resp. at 5. But such a reading itself renders the one-year limitations period illusory. "[S]tatutes of limitations seek primarily to protect defendants against stale or unduly delayed claims." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008). If an insured party could wait years after the denial of a coverage claim to demand an appraisal and then sue for breach of contract, the purpose of the limitations period would be thwarted. *Cf. Rodriguez v. Liberty Mut. Fire Ins. Co.*, No. 16-21926-CIV, 2017 WL 838633, at *3 (S.D. Fla. Mar. 2, 2017) ("Allowing this case to go forward would mean an insured in Florida could wait an indefinite amount of time, through many hurricanes and other disasters, to demand appraisal and then argue the carrier's breach occurred when it refused the appraisal demand, rather than when it made the alleged underpayment that prompted the appraisal demand."). Ramkissoon's ability to request an appraisal under the Policy did not delay the limitations period.

## IV. CONCLUSION

Ramkissoon's breach of contract claim is untimely. Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 20) is **GRANTED.**
2. Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.
3. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed with prejudice." The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 28, 2026.

Kathryn Kimball Mizelle
United States District Judge